UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TARNELL LEON JONES,

                        Plaintiff,

            -against-

NYC-STATE & DOC, et al.,

                        Defendants.

22-CV-4675 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff Tarnell Leon Jones, who is currently incarcerated at the San Carlos Correctional

Facility in Pueblo, Colorado, brings this *pro se* action under 42 U.S.C. § 1983, alleging that

Defendants violated his rights. By order dated September 19, 2022, the Court granted Plaintiff's

request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1] For the reasons

set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter

jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Tarnell Leon Jones, who is in the custody of the Colorado Department of Corrections at the San Carlos Correctional Facility in Pueblo, Colorado, brings this action under his own name and appears to also identify himself as the deceased rapper Tupac Amaru Shakur. Plaintiff also brings this action under the names of Lesan Parish Crooks, which is Shakur's birth

name, and "2 Pac Makaveli," which appears to be a reference to Shakur's posthumous album.[2]

Plaintiff sues the following defendants: (1) "NYC - State & DOC"; (2) "LA – State & DOC";

(3) "Colorado - State & DOC"; and (4) "All Staff & Mental Health & Dr. Nurse Atthen."

Plaintiff seeks money damages.

Plaintiff asserts in the complaint that the events giving rise to his claims occurred in New

York City, Los Angeles, and Colorado from 1996 to 2022. He alleges the following as the facts

of his case:[3]

> I got shot in Los Vegas California died 10:30/Makaveli – September 13 Friday
> 1996 – go to morge git creamated 7 day under all my stuff drops in stops – people
> that thought it a hockes destored my shit soll or still have my cars & truck but
> Jayze still the right to my songs.
>
> I back like [illegible] geds to track me down once lov streets & take me to
> hospital in NYC the one after I got shot [illegible] & do
> 1 – xray head to feet
> 2 – CAT skans
> 3 – C.T. skans
> 4 – EEG
> 5 – EKG
> 6 – MRI
> 7 – ultra sounds both side of chest & heart 1 God/Jesus Allah
> 8 – blood types both arms
> 9 – full body [check] up/skan
>
> 2Pac Makaveli/Amaline-K-1 now an my codes I need all my layor/Dr in NYC &
> LA as Tupac & they pay my song I like my money to
>
> Cop shooting me/cop pay enemy to try to kill me set me up I did have 69 bullet
> now 81 I like xray file in NYC & in LA & Dr & attorney.

---

[2] This information is gleaned from Google's internet search engine. *See*
https://www.google.com/search?client=firefox-b-1-d&q=lesane+parish+crooks (lasted visited
Sept. 19, 2022); https://www.google.com/search?client=firefox-b-1-d&q=2pac+makaveli (lasted
visited Sept. 19, 2022).

[3] Plaintiff writes using irregular capitalization. For readability, the Court uses standard
capitalization when quoting from the complaint. The Court otherwise quotes from the complaint
verbatim, and all grammar, spelling and punctuation are as in the original.

(ECF 1, at 4-5.)

Plaintiff asserts the following as his injuries: "Died came back 7 day after Friday 13 1996 Sep. Got shot w/ AK & mack 10 & 95 15 to 18 year later I got a shit bag surdrey."[4] (*Id*. at 5.)

## DISCUSSION

### A.    Plaintiff's complaint is dismissed as frivolous

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff fails to allege facts suggesting a plausible claim for relief. Under the IFP statute, a court must dismiss a case if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

The Court, after reviewing Plaintiff's complaint, finds that it presents no arguable basis in law or in fact.[5] *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's assertions suggest

---

[4] Plaintiff also attaches an additional statement to the complaint in which he makes references to Shakur's recordings. He also asserts in the statement that he would like his "felony expunged." (ECF 1, at 9.)

[5] As noted above, Plaintiff also indicates that he would like to have his Colorado state-court conviction expunged, which could be understood as a challenge to his conviction. A plaintiff cannot challenge the validity of his conviction or obtain release from custody, however, in a Section 1983 action; instead, he can obtain such relief in federal court only by bringing a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (noting that writ of *habeas corpus* is sole federal remedy for prisoner seeking to challenge the fact or duration of his confinement). Plaintiff may challenge the validity of his Colorado conviction by filing a petition

that he believes that he is Tupac Shakur and he brings this action seeking relief for the events that occurred on September 13, 1996, including the shooting that led to Shakur's death.[6] Plaintiff does not, however, provide any plausible factual support for his claims and his assertions appear to rise to the level of the irrational. *See Livingston*, 141 F.3d at 437; *see also Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."). Plaintiff has pleaded no factual predicate showing that Defendants have violated his rights. The Court therefore dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**B.    Plaintiff is denied leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff's irrational allegations cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

---

for a writ of *habeas corpus* in the appropriate federal district court, which appears to be the United States District Court for the District of Colorado.

[6] Even if Plaintiff does not believe that he is Tupac Shakur but instead seeks to bring this action on behalf of Shakur, the complaint must still be dismissed. "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *see also United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause.'" (citations omitted)); *Phillips v. Tobin*, 548 F.2d 408, 410 (2d Cir. 1976) (holding that it is plain error to permit a *pro se* prisoner to bring a class action on behalf of fellow inmates). As a non-attorney, Plaintiff cannot bring claims on behalf of others.

## CONCLUSION

Plaintiff Jones's complaint, brought under his own name and that of Tupac Amaru Shakur, Lesan Parish Crooks, and 2 Pac Makaveli, is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   September 26, 2022
         New York, New York

　　　　　　　　　　　　　　　　/s/ Laura Taylor Swain
　　　　　　　　　　　　　　　　　LAURA TAYLOR SWAIN
　　　　　　　　　　　　　　　　Chief United States District Judge